IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  25cv2829

Payward Interactive, Inc. and Payward Trading,
Ltd., d/b/a Kraken,

       Plaintiffs,

v.

Etana Custody Limited,

       Defendants.

---

### Defendant Russell's Verified Pro Se Emergency Motion to Modify Temporary Restraining Order

---

      Defendant Dion Brandon Russell, acting *pro se*, respectfully asks this Court -- on an emergency basis -- to modify the Temporary Restraining Order entered on September 16, 2025, and converted to a Preliminary Injunction on September 25, 2025, to clarify that it does not apply to the individual defendants' personal bank accounts as they do not contain Kraken Custody Assets.

**<u>In support of this Emergency Motion, Defendant Russell states:</u>**

1. On September 16, 2025, this Court entered a Temporary Restraining Order ("TRO") in the above-captioned matter, restraining Defendants from

"transferring, encumbering, spending, using, disposing of, or in any way dissipating the Kraken Custody Assets" without express written authorization from Kraken or this Court.

2. The TRO further ordered that "any third-party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms that are providing services for any of the Defendants" shall "restrain the transfer of all funds held in trust for Kraken and restrain any other financial accounts tied thereto."

3. The TRO specifically provides that "Any Defendant or Third Party Provider subject to this Order may petition the Court to modify the asset restraint set out in this Order."

4. I discovered that both of my personal bank accounts have been frozen as a result of actions taken by Boies Schiller Flexner LLP on behalf of the Plaintiffs.

5. I do not understand that these personal bank accounts are covered by the TRO as they do not contain any Kraken Custody Assets as defined in the TRO, or Complaint as filed on September 9, 2025.

6. The freezing of my personal bank accounts has created an immediate and severe hardship, as I am unable to access funds for basic necessities such as groceries.

7. Additionally, the freezing of these accounts has impaired my ability to attempt to retain and pay counsel to represent me in this matter, potentially prejudicing my right to adequate legal representation.

8. Further, the accounts of my children that are associated with my personal accounts have been frozen, restricting my daughter's ability to purchase a life-saving prescription medication used to treat a chronic illness.

9. The TRO, by its terms, is intended to prevent the dissipation of "Kraken Custody Assets," which are defined as assets held in custody by Etana on behalf of Kraken.

10. The Court's authority to issue and modify orders such as temporary restraining orders stems from its inherent powers and statutory authority.

11. Federal Rule of Civil Procedure 64 governs remedies for seizing property to secure satisfaction of potential judgments, but such remedies should be appropriately tailored to the specific assets at issue in the litigation.

12. The freezing of my personal bank accounts, which do not contain any Kraken Custody Assets, exceeds the scope and purpose of the TRO and constitutes an overbroad application of the Court's order.

13. Federal Rule of Civil Procedure 65(b)(4) expressly provides that an adverse party may move to dissolve or modify a temporary restraining order.

14. Emergency relief is necessary because Defendant Russell is currently unable to access funds for basic living expenses or to secure legal representation.

**<u>Defendant Dion Brandon Russell respectfully requests that this Court:</u>**

1. Enter an Order on an emergency basis modifying the Temporary Restraining Order to clarify that it does not apply to the individual defendants' personal bank accounts that do not contain Kraken Custody Assets;

2. Order the immediate release of any freeze or hold on Defendant Russell's personal bank accounts;

3. Order Plaintiffs and their counsel to immediately notify any financial institutions that have frozen Defendant Russell's personal accounts that such accounts should be unfrozen; and

4. Grant such other and further relief as this Court deems just and proper.

Dated:  October 9, 2025.

                            Respectfully submitted,

                            By: /s/            Dion Brandon Russell

## VERIFICATION

I swear under the penalty of perjury that the factual statements I have made in this Motion are true and correct.

                            By: /s/            Dion Brandon Russell

## CERTIFICATE OF SERVICE

      I hereby certify that on October 9, 2025, I electronically submitted this document via email to COD_ProSe_Filing@cod.uscourts.gov and understand that, if accepted, this filing will be filed with the Clerk of the Court using CM/ECF system, which will electronically serve all counsel of record. I have also sent a copy of this filing to counsel of record.

                                                  /s/                    Dion Brandon Russell