IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:25-cv-2829-DDD-CYC

Payward Interactive, Inc. and Payward Trading,
Ltd. d/b/a Kraken,

        Plaintiffs,

v.

Etana Custody Limited, Etana Custody, Inc.,
and Dion Brandon Russell,

        Defendants.

---

**DEFENDANT DION BRANDON RUSSELL'S
ANSWER AND AFFIRMATIVE DEFENSES**

---

Defendant Dion Brandon Russell ("Mr. Russell" or "Defendant"), hereby answers Plaintiffs Payward Interactive, Inc. and Payward Trading, Ltd. d/b/a Kraken's ("Kraken") Second Amended Complaint and Jury Demand (the "Amended Complaint"). The responses contained in this Answer are only made on behalf of Mr. Russell and should not be construed as the representations of any other defendant in this matter.

**Preliminary Statement**

1.      Defendant admits Etana was a non-custodial trust company. Defendant further admits that Kraken indirectly placed funds with third-party financial institutions pursuant to its agreements with Etana. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 1 of the Amended Complaint and, therefore, denies the same.

2.      Defendant denies the allegations contained in Paragraph 2 of the Amended Complaint.

3.      Defendant denies the allegations contained in Paragraph 3 of the Amended Complaint.

4.      Defendant denies the allegations contained in Paragraph 4 of the Amended Complaint.

5.      Defendant denies the allegations contained in Paragraph 5 of the Amended Complaint.

1

**Parties**

6.      Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 6 of the Amended Complaint and, therefore, denies the same.

7.      Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 7 of the Amended Complaint and, therefore, denies the same.

8.      The allegations contained in Paragraph 8 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

9.      The allegations contained in Paragraph 9 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

10.     Defendant admits that he is a resident of Denver, Colorado, that he founded and acted as Chief Executive Officer ("CEO") of Etana Custody, Inc., and owned a majority of shares in Etana until liquidation. Defendant denies that he maintained "control" over Etana and its (undefined) affiliates at all relevant times.

**Jurisdiction and Venue**

11.     Defendant is without knowledge as to the allegations contained in Paragraph 11 except that Defendant is not a citizen of Delaware, Florida, the British Virgin Islands, or Wyoming.

12.     Paragraph 12 contains only legal conclusions and, therefore, no response is required of Defendant. To the extent a response is required, Defendant does not object or deny that, based on Plaintiffs' allegations, this Court is the proper venue for this action under 28 U.S.C. § 1391(b)(2).

**Factual Allegations**

13.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 13 of the Amended Complaint.

14.     The allegations contained in Paragraph 14 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

15.     The allegations contained in Paragraph 15 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

16.     Defendant denies the allegations contained in Paragraph 16 of the Amended Complaint.

17.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 17 regarding the potential motivations of Kraken's customers

2

200577948v2

and, therefore, denies the same. Otherwise, the allegations contained in Paragraph 17 are solely directed at a difference defendant in this matter and, therefore, Defendant denies the allegations included therein.

18. The allegations contained in Paragraph 18 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

19. The allegations contained in Paragraph 19 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

20. The allegations contained in Paragraph 20 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

21. The allegations contained in Paragraph 21 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

22. The allegations contained in Paragraph 22 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

23. The allegations contained in Paragraph 23 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

24. The allegations contained in Paragraph 24 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

25. The allegations contained in Paragraph 25 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

26. The allegations contained in Paragraph 26 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

27. Defendant denies the allegations contained in Paragraph 27 of the Amended Complaint.

28. The allegations contained in Paragraph 28 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

29. The allegations contained in Paragraph 29 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

30. The allegations contained in Paragraph 30 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

31. The allegations contained in Paragraph 31 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

32.    The allegations contained in Paragraph 32 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

33.    Defendant admits to acting as signatory to Exhibits 5 and 6 of the Amended Complaint in his capacity as a corporate officer of the Etana corporate entity Otherwise, the allegations contained in Paragraph 33 are directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein. Defendant reserves the right to challenge the authenticity and genuineness of Exhibits 5 and 6 to the Amended Complaint.

34.    The allegations contained in Paragraph 34 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

35.    Defendant admits to acting as signatory to Exhibits 7 and 8 of the Amended Complaint in his capacity as a corporate officer of the Etana corporate entity. Defendant denies he acted as sole negotiator of the agreements referenced in Paragraph 35. Otherwise, the allegations contained in Paragraph 35 are directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein. Defendant reserves the right to challenge the authenticity and genuineness of Exhibits 7 and 8 to the Amended Complaint.

36.    The allegations contained in Paragraph 36 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

37.    Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 37 of the Amended Complaint.

38.    Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 38 of the Amended Complaint.

39.    Defendant denies the allegations contained in Paragraph 39 of the Amended Complaint.

40.    Defendant denies the allegations contained in Paragraph 40 of the Amended Complaint.

41.    Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 41 of the Amended Complaint.

42.    Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 42 of the Amended Complaint.

43.    Defendant denies the allegations contained in Paragraph 43 of the Amended Complaint.

44.    The allegations contained in Paragraph 44 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

200577948v2

45.     The allegations contained in Paragraph 45 are solely directed at a different defendant or other individuals related to this matter and, therefore, Defendant denies the allegations included therein.

46.     The allegations contained in Paragraph 46 are solely directed at a different defendant or other individuals related to this matter and, therefore, Defendant denies the allegations included therein.

47.     The allegations contained in Paragraph 47 are solely directed at a different defendant or other individuals related to this matter and, therefore, Defendant denies the allegations included therein.

48.     The allegations contained in Paragraph 48 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

49.     The allegations contained in Paragraph 49 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

50.     Defendant denies the allegations contained in Paragraph 50 of the Amended Complaint. Furthermore, it is unclear what "representations" are referenced in Paragraph 50,  as the Amended Complaint fails to differentiate between representations attributed to Defendant and those attributed to others, including other Defendants.

51.     Defendant denies the allegations contained in Paragraph 51 of the Amended Complaint.

52.     The allegations contained in Paragraph 52 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

53.     Defendant denies the allegations contained in Paragraph 53 of the Amended Complaint.

54.     The allegations contained in Paragraph 54 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein. Defendant further objects to the extent that Plaintiffs have improperly disclosed any communications among counsel that were subject to Federal Rule of Civil Procedure 408.

55.     The allegations contained in Paragraph 55 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein. Defendant further objects to the extent that Plaintiffs have improperly disclosed any communications among counsel that were subject to Federal Rule of Civil Procedure 408.

56.     Defendant denies the allegations contained in Paragraph 56 of the Amended Complaint. Defendant further objects to the extent that Plaintiffs have improperly disclosed any communications among counsel that were subject to Federal Rule of Civil Procedure 408.

200577948v2

57.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 57 of the Amended Complaint.

58.     Defendant denies the allegations contained in Paragraph 58 of the Amended Complaint. Defendant further objects to the extent that Plaintiffs have improperly disclosed any communications among counsel that were subject to Federal Rule of Civil Procedure 408.

59.     Defendant denies the allegations contained in Paragraph 59 of the Amended Complaint. Defendant further objects to the extent that Plaintiffs have improperly disclosed any communications among counsel that were subject to Federal Rule of Civil Procedure 408.

60.     Defendant denies the allegations contained in Paragraph 60 of the Amended Complaint. Defendant further objects to the extent that Plaintiffs have improperly disclosed any communications among counsel that were subject to Federal Rule of Civil Procedure 408.

61.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 61 of the Amended Complaint.

62.     Defendant admits that Etana returned $727,000 in funds to Plaintiffs on or around October 20, 2025. Defendant otherwise denies the remaining allegations contained in Paragraph 62 of the Amended Complaint.

63.     The allegations contained in Paragraph 63 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

64.     The allegations contained in Paragraph 64 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

65.     The allegations contained in Paragraph 65 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

66.     The allegations contained in Paragraph 66 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

67.     The allegations contained in Paragraph 67 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

68.     Defendant denies the allegations contained in Paragraph 68 of the Amended Complaint.

69.     Defendant denies the allegations contained in Paragraph 69 of the Amended Complaint.

70.     Defendant admits to having assisted in the negotiation of certain promissory notes in coordination with Seabury Trade Capital, LLC. Defendant denies the remaining allegations contained in Paragraph 70 of the Amended Complaint.

6

71.    Defendant admits the allegations contained in Paragraph 71 of the Amended Complaint.

72.    The allegations contained in Paragraph 72 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

73.    The allegations contained in Paragraph 73 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

74.    Defendant denies the allegations contained in Paragraph 74 of the Amended Complaint.

75.    Defendant denies the allegations contained in Paragraph 75 of the Amended Complaint.

76.    Defendant denies the allegations contained in Paragraph 76 of the Amended Complaint.

77.    Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 77 of the Amended Complaint. Defendant further objects to the extent that Plaintiff has included privileged communications between a party and its counsel, which seemingly include communications that Russell may have exchanged with Etana's outside counsel.

78.    Defendant denies the allegations contained in Paragraph 78 of the Amended Complaint.

79.    Defendant denies the allegations contained in Paragraph 79 of the Amended Complaint.

80.    Defendant denies the allegations contained in Paragraph 80 of the Amended Complaint.

81.    Defendant denies the allegations contained in Paragraph 81 of the Amended Complaint.

82.    Defendant denies the allegations contained in Paragraph 82 of the Amended Complaint.

83.    The allegations contained in Paragraph 83 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

84.    The allegations contained in Paragraph 84 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

85.    Defendant denies the allegations contained in Paragraph 85 of the Amended Complaint.

86.    The allegations contained in Paragraph 86 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

87.    The allegations contained in Paragraph 87 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

88.    Defendant denies the allegations contained in Paragraph 88 of the Amended Complaint.

89.    Defendant denies the allegations contained in Paragraph 89 of the Amended Complaint.

90.    Defendant denies the allegations contained in Paragraph 90 of the Amended Complaint.

91.    Defendant denies the allegations contained in Paragraph 91 of the Amended Complaint.

92.    Defendant denies the allegations contained in Paragraph 92 of the Amended Complaint.

93.    Defendant denies the allegations contained in Paragraph 93 of the Amended Complaint.

94.    The allegations in Paragraph 94 are based on legal filings and rulings which speak for themselves.

95.    The allegations in Paragraph 95 are based on legal filings and rulings which speak for themselves. As Plaintiffs know, Defendant, who was representing himself at the time, ultimately responded to discovery.

96.    Defendant denies that it "flout[ed]" the Court's discovery orders" as described in Paragraph 96 of the Amended Complaint. Defendant otherwise admits that all of Etana's employees were terminated, including Defendant himself. Defendant further admits that Etana entered into a Stipulated Order of Suspension with the Banking Board. The Order has been filed in this case and speaks for itself.

97.    The allegations in Paragraph 97 are based on legal filings and rulings which speak for themselves and contains legal conclusions to which no response is required. Defendant otherwise denies the allegation that neither Kraken nor the Court were aware of the ongoing discussions with the Banking Board.

8

98.     The allegations in Paragraph 98 are based on legal filings and rulings which speak for themselves. Defendant otherwise denies the allegation that neither Kraken nor the Court were aware of the ongoing discussions with the Banking Board.

99.     The allegations in Paragraph 99 of the Amended Complaint are based on a legal ruling which speaks for itself.

100.    The allegations in Paragraph 100 of the Amended Complaint are based on legal filings and rulings which speak for themselves.

101.    Defendant denies the allegations contained in Paragraph 101 of the Amended Complaint.

102.    The allegations contained in Paragraph 102 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

103.    The allegations in Paragraph 103 of the Amended Complaint are based on a legal ruling which speaks for itself.

104.    The allegations in Paragraph 104 of the Amended Complaint are based on a legal ruling which speaks for itself.

105.    Defendant denies the allegations contained in Paragraph 105 of the Amended Complaint.

106.    Defendant denies the allegations contained in Paragraph 106 of the Amended Complaint.

107.    Defendant denies the allegations contained in Paragraph 107 of the Amended Complaint.

108.    Defendant denies the allegations contained in Paragraph 108 of the Amended Complaint.

109.    Defendant denies the allegations contained in Paragraph 109 of the Amended Complaint.

110.    Defendant cannot answer the allegations in Paragraph 110 as phrased, because the allegations refer to Etana, which is otherwise defined as multiple entities and affiliates and then refers to "the company" without any definition. The allegations also do not specify any time period. In a good faith effort to respond to this allegation, Defendant admits that he previously served as a CEO and a member of the Board to Etana Custody, Inc., the entity of which he was also a founder. Defendant owned a majority of Etana Custody, Inc., though the precise percentage changed over time.

9

111.    Defendant denies the allegations contained in Paragraph 111 of the Amended Complaint.

112.    Defendant denies the allegations contained in Paragraph 112 of the Amended Complaint.

113.    Defendant denies the allegations contained in Paragraph 113 of the Amended Complaint.

114.    Defendant denies the allegations contained in Paragraph 114 of the Amended Complaint.

115.    Defendant denies the allegations contained in Paragraph 115 of the Amended Complaint.

116.    Defendant denies the allegations contained in Paragraph 116 of the Amended Complaint.

117.    The allegations contained in Paragraph 117 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

118.    Defendant denies the allegations contained in Paragraph 118 of the Amended Complaint.

119.    Defendant admits he acted as signatory in his capacity as a corporate officer of the corporate entity that was a signatory for the referenced agreements in Paragraph 119 of the Amended Complaint. He otherwise denies the allegations included therein.

120.    Defendant denies the allegations contained in Paragraph 120 of the Amended Complaint.

121.    Defendant denies the allegations contained in Paragraph 121 of the Amended Complaint.

122.    Defendant denies the allegations contained in Paragraph 122 of the Amended Complaint.

123.    Defendant denies the allegations contained in Paragraph 123 of the Amended Complaint.

**Causes of Action**

**First Cause of Action**
**(Breach of Contract Against Etana)**

10

200577948v2

124.    Defendant repeats and realleges his foregoing responses to the allegations contained in the Amended Complaint as if fully set forth herein.

125.    The allegations contained in Paragraph 125 are solely directed at a different defendant in this matter and are based on a cause of action not alleged against Defendant. Mr. Russell, therefore, denies the allegations included therein.

126.    The allegations contained in Paragraph 126 are solely directed at a different defendant in this matter and are based on a cause of action not alleged against Defendant. Mr. Russell, therefore, denies the allegations included therein.

127.    The allegations contained in Paragraph 127 are solely directed at a different defendant in this matter and are based on a cause of action not alleged against Defendant. Mr. Russell, therefore, denies the allegations included therein.

128.    The allegations contained in Paragraph 128 are solely directed at a different defendant in this matter and are based on a cause of action not alleged against Defendant. Mr. Russell, therefore, denies the allegations included therein.

129.    The allegations contained in Paragraph 129 are solely directed at a different defendant in this matter and are based on a cause of action not alleged against Defendant. Mr. Russell, therefore, denies the allegations included therein.

130.    The allegations contained in Paragraph 130 are solely directed at a different defendant in this matter and are based on a cause of action not alleged against Defendant. Mr. Russell, therefore, denies the allegations included therein.

131.    The allegations contained in Paragraph 131 are solely directed at a different defendant in this matter and are based on a cause of action not alleged against Defendant. Mr. Russell, therefore, denies the allegations included therein.

132.    The allegations contained in Paragraph 132 are solely directed at a different defendant in this matter and are based on a cause of action not alleged against Defendant. Mr. Russell, therefore, denies the allegations included therein.

**Second Cause of Action**
**(Conversion Against All Defendants)**

133.    Defendant repeats and realleges his foregoing responses to the allegations contained in the Amended Complaint as if fully set forth herein.

134.    The allegations contained in Paragraph 134 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

135.    Defendant denies the allegations contained in Paragraph 135 of the Amended Complaint.

11

136. Defendant denies the allegations contained in Paragraph 136 of the Amended Complaint.

137. Defendant denies the allegations contained in Paragraph 137 of the Amended Complaint.

138. Defendant denies the allegations contained in Paragraph 138 of the Amended Complaint.

139. Defendant denies the allegations contained in Paragraph 139 of the Amended Complaint.

140. Defendant denies the allegations contained in Paragraph 140 of the Amended Complaint.

141. Defendant denies the allegations contained in Paragraph 141 of the Amended Complaint.

142. Defendant denies the allegations contained in Paragraph 142 of the Amended Complaint.

143. Defendant denies the allegations contained in Paragraph 143 of the Amended Complaint.

144. Defendant denies the allegations contained in Paragraph 144 of the Amended Complaint.

145. Defendant denies the allegations contained in Paragraph 145 of the Amended Complaint.

### Third Cause of Action
### (Civil Theft Against All Defendants)

146. Defendant repeats and realleges his foregoing responses to the allegations contained in the Amended Complaint as if fully set forth herein.

147. Defendant denies the allegations contained in Paragraph 147 of the Amended Complaint.

148. Defendant denies the allegations contained in Paragraph 148 of the Amended Complaint.

149. Defendant denies the allegations contained in Paragraph 149 of the Amended Complaint.

200577948v2

150. Defendant denies the allegations contained in Paragraph 150 of the Amended Complaint.

151. Defendant denies the allegations contained in Paragraph 151 of the Amended Complaint.

152. Defendant denies the allegations contained in Paragraph 152 of the Amended Complaint.

153. Defendant denies the allegations contained in Paragraph 153 of the Amended Complaint.

154. Defendant denies the allegations contained in Paragraph 154 of the Amended Complaint.

155. Defendant denies the allegations contained in Paragraph 155 of the Amended Complaint.

156. Defendant denies the allegations contained in Paragraph 156 of the Amended Complaint.

157. Defendant denies the allegations contained in Paragraph 157 of the Amended Complaint.

### Fourth Cause of Action
### (Fraud Against All Defendants)

158. Defendant repeats and realleges his foregoing responses to the allegations contained in the Amended Complaint as if fully set forth herein.

159. The allegations contained in Paragraph 159 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

160. The allegations contained in Paragraph 160 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

161. The allegations contained in Paragraph 161 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

162. The allegations contained in Paragraph 162 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

163. Defendant denies the allegations contained in Paragraph 163 of the Amended Complaint.

13

164. Defendant denies the allegations contained in Paragraph 164 of the Amended Complaint.

165. Defendant denies the allegations contained in Paragraph 165 of the Amended Complaint.

166. Defendant denies the allegations contained in Paragraph 166 of the Amended Complaint.

167. Defendant denies the allegations contained in Paragraph 167 of the Amended Complaint.

168. Defendant denies the allegations contained in Paragraph 168 of the Amended Complaint.

169. Defendant denies the allegations contained in Paragraph 169 of the Amended Complaint.

170. Defendant denies the allegations contained in Paragraph 170 of the Amended Complaint.

171. Defendant denies the allegations contained in Paragraph 171 of the Amended Complaint.

### Fifth Cause of Action
### (Aiding and Abetting Fraud Against Russell in the Alternative)

172. Defendant repeats and realleges his foregoing responses to the allegations contained in the Amended Complaint as if fully set forth herein.

173. Defendant denies the allegations contained in Paragraph 173 of the Amended Complaint.

174. Defendant denies the allegations contained in Paragraph 174 of the Amended Complaint.

175. Defendant denies the allegations contained in Paragraph 175 of the Amended Complaint.

176. Defendant denies the allegations contained in Paragraph 176 of the Amended Complaint.

14

200577948v2

## Sixth Cause of Action
### (Breach of Fiduciary Duty Against All Defendants)

177.    Defendant repeats and realleges his foregoing responses to the allegations contained in the Amended Complaint as if fully set forth herein.

178.    Defendant denies the allegations contained in Paragraph 178 of the Amended Complaint.

179.    Defendant denies the allegations contained in Paragraph 179 of the Amended Complaint.

180.    Defendant denies the allegations contained in Paragraph 180 of the Amended Complaint.

181.    Defendant denies the allegations contained in Paragraph 181 of the Amended Complaint.

182.    Defendant denies the allegations contained in Paragraph 182 of the Amended Complaint.

## Seventh Cause of Action
### (Aiding and Abetting Breach of Fiduciary Duty Against Russell in the Alternative)

183.    Defendant repeats and realleges his foregoing responses to the allegations contained in the Amended Complaint as if fully set forth herein.

184.    The allegations contained in Paragraph 184 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

185.    The allegations contained in Paragraph 185 are solely directed at a different defendant in this matter and, therefore, Defendant denies the allegations included therein.

186.    Defendant denies the allegations contained in Paragraph 186 of the Amended Complaint.

187.    Defendant denies the allegations contained in Paragraph 187 of the Amended Complaint.

188.    Defendant denies the allegations contained in Paragraph 188 of the Amended Complaint.

189.    Defendant denies the allegations contained in Paragraph 189 of the Amended Complaint.

15

200577948v2

## Eighth Cause of Action
### (Unjust Enrichment Against All Defendants)

190.    Defendant repeats and realleges his foregoing responses to the allegations contained in the Amended Complaint as if fully set forth herein.

191.    Defendant denies the allegations contained in Paragraph 191 of the Amended Complaint.

192.    Defendant denies the allegations contained in Paragraph 192 of the Amended Complaint.

193.    Defendant denies the allegations contained in Paragraph 193 of the Amended Complaint.

194.    Defendant denies the allegations contained in Paragraph 194 of the Amended Complaint.

## General Denial

Defendant denies every allegation, including all headers and sub-headers,  and requests for relief in Plaintiffs' Amended Complaint not specifically admitted above.

## Affirmative Defenses

1.    The Second Amended Complaint fails to state facts that would support a cause of action upon which relief can be granted. The pleading relies in material part on conclusory allegations, improper group pleading, and allegations that do not plausibly distinguish conduct by Mr. Russell from conduct allegedly undertaken by the Etana entities. Furthermore, the Second Amended Complaint seeks to hold Defendant, an individual former officer of the corporate entities involved, personally liable for alleged actions taken by him and others in their role as corporate officers. Plaintiffs have failed to state a basis for holding Defendant, as opposed to a theory of liability against the corporate entities, liable under these facts.

2.    Plaintiffs' fraud-based claims, including direct fraud and aiding and abetting fraud, are barred to the extent they are not pleaded with the particularity required by Rule 9(b). The Amended Complaint does not adequately specify, as to Defendant Russell, the particular misrepresentation or omission, the precise time and place, the manner in which the statements were false when made, or facts showing justifiable reliance and resulting damages attributable to Defendant Russell as distinct from the Etana entities. Moreover, the Amended Complaint also includes statements and representatives vaguely attributed to "Etana," without any reference to Defendant Russell and without specifying the who, what, where, when, as is required for pleading fraud-based claim.

3.    Plaintiffs improperly seek to impose personal liability on Defendant Russell for duties, obligations, and alleged misconduct arising from contracts to which the Etana entities—

16

200577948v2

not Defendant Russell individually—were parties. To the extent Plaintiffs' claims merely restate alleged contractual breaches by the Etana entities or seek to recover from Defendant Russell for corporate acts undertaken in a representative capacity, the claims are barred absent a legally sufficient basis to disregard the corporate form or plead an independent basis for individual tort liability. No such basis has been alleged and, therefore, these claims fail as a matter of law.

4.      To the extent that any allegation or assertion in the Complaint purports to describe any documents or record of any kind, Defendant denies said description and affirmatively allege each such document or record speaks for itself.

5.      Plaintiffs' claims or damages, if any, are barred or reduced, in whole or in part, by the doctrine of waiver.

6.      Plaintiffs' claims or damages, if any, are barred or reduced, in whole or in part, by the doctrine of unclean hands.

7.      Defendant's actions were not the cause of Plaintiffs' damages, if any.

8.      Plaintiffs' claims or damages, if any, are barred by the economic loss rule. Specifically, Plaintiffs assert claims and seek to recover damages based on losses that are purely economic and arise from duties defined by the Custodian Agreements and other documents among the corporate parties, rather than by any independent duty owed by Defendant Russell personally.

9.      Plaintiffs' claims are barred or limited by the terms of the governing agreements, including provisions that limit liability except upon a showing of fraud, willful default, or gross negligence and that define the scope of Etana's duties concerning custody assets. To the extent Plaintiffs seek to expand those duties, avoid contractual limitations, or recover duplicative tort remedies for the same alleged loss, their claims are barred or must be limited accordingly.

10.     The claims for breach of fiduciary duty and related theories fail because Defendant Russell did not owe Plaintiffs a fiduciary duty in his personal capacity. Any duties concerning custody, safekeeping, segregation, reporting, or transfer of assets arose, if at all, from the Etana entities' contractual and custodial roles, not from any separate special relationship between Plaintiffs and Defendant Russell individually, as no such special relationship existed or is even alleged.

11.     To the extent Plaintiffs contend Defendant Russell owed duties based on superior knowledge, partial disclosures, agency, trustee status, or a special relationship, those alleged duties are denied and are barred because the Complaint does not establish a relationship independent of the parties' arm's-length commercial agreements. Plaintiffs' alleged expectations arise from negotiated business contracts, not from a separate duty running personally from Defendant Russell to Plaintiffs.

12.     Plaintiffs' damages, if any, are subject to parallel dissolution proceedings.

200577948v2

13.     Defendant is indemnified from liability for the claims and damages asserted by Plaintiffs.

14.     Plaintiffs claims or damages, if any, are barred or reduced, in whole or in part, because they have already been discharged.

15.     Any recovery by Plaintiffs must be reduced by all amounts previously returned, transferred, recovered, or otherwise credited to Plaintiffs, including the funds alleged to have been returned as referenced in the Amended Complaint, as well as any amounts recovered through receivership, liquidation, third-party proceedings, settlements, insurance, or other sources.

16.     Plaintiffs' claims or damages, if any, are barred or reduced, in whole or in part, by the doctrine of assumption of risk.

17.     Defendant is not jointly and severally liable for actions by others, including any other Defendants in this action, except to the extent such liability is allowed by applicable law and supported by proven facts. As stated, there is no such basis for joint and several liability as to Defendant.

18.     Plaintiffs failed to mitigate their alleged damages, if any, which were caused in whole or in part by the acts, omissions, defaults, or misconduct of third parties over whom Defendant had no personal control, including but not limited to counterparties, banking partners, vendors, regulators, Etana employees, or other nonparties.

19.     Plaintiffs' claims or damages, if any, are barred or reduced, in whole or in part, by the doctrine of accord and satisfaction.

20.     To the extent the Second Amended Complaint seeks relief that would affect assets subject to receivership, liquidation, or custodial control, such relief is barred, limited, or subject to the exclusive authority of the receiver and the supervising court.

21.     Plaintiffs' fraud-based and omission-based claims are barred, in whole or in part, because Plaintiffs cannot establish reasonable or justifiable reliance on any alleged statement or omission by Defendant, nor can they establish that any such reliance proximately caused the damages claimed. Plaintiffs are sophisticated commercial actors that had contractual rights, access to account information, and the ability to direct withdrawals and other protections under the governing agreements.

22.     Plaintiffs' conversion claim fails because Plaintiffs seek recovery of funds and contractual payment obligations allegedly governed by the parties' agreements, and because the Amended Complaint does not establish a distinct, specific fund wrongfully taken by Defendant Russell in his individual capacity outside the contractual relationship. To the extent the claim is based on alleged nonpayment or nonreturn of funds under contract, conversion does not lie.

23.     Plaintiffs' civil theft claim is barred because Plaintiffs cannot establish the elements of theft, including a knowing obtaining, retaining, or exercising control over another's property

18

200577948v2

without authorization and with the requisite intent to permanently deprive. At a minimum, the Amended Complaint does not plausibly allege facts showing that Defendant personally acted with the mental state required for civil theft as opposed to being alleged, in conclusory fashion, to have acted through or for the corporation.

24.    Plaintiffs' aiding-and-abetting claims fail because Plaintiffs cannot establish the required elements of an underlying tort, Defendant's actual knowledge of such tort, or substantial assistance by Defendant's separate from ordinary corporate conduct. Conclusory assertions that Defendant "directed," "participated," or "knew of" alleged misconduct are insufficient to state a cause of action against Defendant.

25.    Defendant reserves the right to supplement to supplement or amend these defenses as additional information becomes available to the parties.

**<u>Request for Relief As to Plaintiffs' Claims</u>**

WHEREFORE, Defendant requests the Court dismiss Plaintiffs' claims in their entirety and award Defendant their attorney fees and costs.

Dated: May 18, 2026.

TAFT STETTINIUS & HOLLISTER LLP

*s/ Robert E. Neel*

Robert E. Neel
Mark W. Williams
Theodore J. O'Brien
675 Fifteenth Street, Suite 2300
Denver, CO 80202
Telephone: (303) 297-2900
Facsimile: (303) 298-0940
Email: Mark.Williams@taftlaw.com
        tobrien@taftlaw.com
        Bneel@taftlaw.com

19

200577948v2

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2026 I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the following email addresses:

| | |
|---|---|
| Renee M. Zaytsev, Esq.<br>Brooke A. Alexander, Esq.<br>Boies Schiller Flexner LLP<br>55 Hudson Yards<br>New York, NY 10001<br>Rzaytsev@bsfllp.com<br>Balexander@bsfllp.com | Kenneth F. Rossman , IV, Esq.<br>Womble Bond Dickinson (US) LLP<br>1601 19th Street Suite 1000<br>Denver, CO 80202<br>Ken.Rossman@wbd-Us.Com |

*/s/ Kristin McKinley*
Kristin McKinley, Legal Assistant

20

200577948v2